Dear Senator Caskey:
This opinion is in response to your questions asking:
 (1) Section 57.109, RSMo Supp. 1980, authorizes sheriffs to contract with the U.S. Secretary of the Army for the purpose of providing increased law enforcement services at or near water resources development projects which are under the jurisdiction of the Secretary and which are contained within the county of the contracting sheriff. Can the funds derived from such a contract be retained by the sheriff to supplement his income or must they be deposited in the county's general revenue fund?
 (2) Section 57.430, RSMo Supp. 1980, delineates the procedures to be followed by sheriffs in third and fourth class counties in filing for reimbursement for mileage expenses. Sections 57.280, 57.290
and 57.300, RSMo 1978, detail the fees, including mileage, which can be charged by sheriffs in civil and criminal proceedings. Can a sheriff charge for mileage, the reimbursement to be retained by him, accumulated by cars which he owns and which he provides to employees added because of a contract with the Secretary of the Army (Section 57.109, RSMo Supp. 1980)?
Section 57.109, RSMo Supp. 1980, to which you refer provides:
 1. Every sheriff shall have the power to contract with the Secretary of the Army of the United States, acting through the Corps of Engineers, for the purpose of providing increased law enforcement services at or near water resources development projects, active or inactive, under the jurisdiction of the Secretary of the Army which are located within the county of the contracting sheriff.
 2. No such contracts shall be for a period of more than two years.
In answer to your first question, it is our view that § 57.109 pertains to official services of the sheriff, and therefore, funds received pursuant to contract, except for funds of a reimbursement nature, must be deposited in the county general revenue fund. There is no statutory provision authorizing the sheriff to receive additional compensation for rendering such services. Further, the compensation of sheriffs in criminal matters can only be by salary and any fees and charges collected by such officers must be paid into the general revenue fund of the county under § 13 of Art. VI of the Missouri Constitution.
In answer to your second question, we find no statute specifically providing for payment of the additional mileage in personal vehicles which the sheriffs or their deputies in third and fourth class counties may incur in providing services under a contract executed pursuant to § 57.109. It is our view, however, that the contract should contain appropriate provisions for direct mileage reimbursement to the sheriff and his deputies by the Secretary of the Army where the use of personal vehicles is involved. The reimbursement of mileage to such officers under such circumstances, unless excessive, does not constitute additional compensation.
It should be additionally noted that § 57.109 authorizes such sheriffs to enter into such contracts. However, § 7 of Art. VI of the Missouri Constitution provides:
 In each county not framing and adopting its own charter or adopting an alternative form of county government, there shall be elected a county court of three members which shall manage all county business as prescribed by law, and keep an accurate record of its proceedings. The voters of any county may reduce the number of members to one or two as provided by law.
Likewise, it is quite clear that the legislature has given the county courts authority to control the real and personal property of the county under § 49.270, RSMo, as well as the option of providing law enforcement vehicles under § 49.276 in third and fourth class counties. Thus, there is no doubt that the county involved will have a direct constitutional and statutory interest in such contracts. Therefore, it is our view that notwithstanding the provisions of § 57.109 authorizing the sheriff to enter into such contracts, it is clear that the county court is also a necessary party to such contracts.
CONCLUSION
It is the opinion of this office that a contract entered into with the United States Secretary of the Army under § 57.109, RSMo Supp. 1980, for special law enforcement services by a sheriff must have the approval of the county court. The sheriff does not receive any additional compensation for the performance of such services, although the contract may contain provisions for direct reimbursement of mileage expense for the sheriff or his deputies using personal vehicles.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General